HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KELLY POTIS,

    Plaintiff,

  v.

PIERCE COUNTY, et al.

    Defendants.

CASE NO. C14-826 RBL

ORDER DENYING RULE 12(c) MOTION

[Dkt. # 15]

THIS MATTER is before the Court on Defendants' Motion for Judgment on the Pleadings. [Dkt. #15] Plaintiff Potis asserts constitutional and state law claims, alleging that Defendant officer Thompson arrested and imprisoned her (for obstruction and resisting) without probable cause and with excessive force. The charges against Potis were dismissed.

Defendants' Motion[1] has one basis: they claim that the state court already "found" that there was probable cause to arrest Potis, and that that determination conclusively bars any claim based on the notion that there was not, under collateral estoppel.

---

[1] Defendants also ask the court to decline to exercise supplemental jurisdiction over Potis's related state law claims. *See* 28 U.S.C. §1367.

Rule 12(c) is "functionally identical" to Rule 12(b)(6), and the same standard of review applies to motions under either rule. *See Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 647 1047, 1054-55 (9th Cir. 2011) (internal citations omitted). The inquiry is whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, (2009).

Generally, a Court may not consider any material outside the pleadings in ruling on a Rule 12 motion, or the motion is converted to one for summary judgment. *See* Fed. R. Civ. P. 12 (b)(6)  There are two exceptions to this rule. First, the Court may consider material submitted as part of the complaint, or upon which the complaint necessarily relies, if the material's authenticity is not contested. Second, under Fed. R. Evid. 201, the Court may take judicial notice of "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

Defendants ask the court to take judicial notice of the transcript of a very short and perfunctory hearing, claiming that it is a matter of public record and that it is a binding determination that Thompson had probable cause to arrest Potis:

```
        THE COURT:  Thank you.  All right.  I do find
probable cause to the charge of obstructing a law
enforcement officer and resisting arrest.  I will
acknowledge the State's filed a demand for jury trial.
Can you state your name, please.
```

[Dkt. #16 at Ex. A]   This is the sum total of the probable cause "finding" upon which the Defendants' motion exclusively relies. The Judge described no evidence, and recited no factual

[DKT. # 15] - 2

basis for this determination.  There was no argument, no testimony, and certainly no cross examination.

At the same time the Defendants inexplicably ask the Court to dismiss the case on this evidence, they *oppose* Potis's effort to supply the context—which is also "a matter of public record"—behind this critical, dispositive "finding."  This includes the criminal complaint, the arrest report, and a prosecutor's affidavit describing his review of Thompson's report.  [*See* Dkt. #18]

Accordingly, there are at least two problems with Defendants' Motion.  There is no discernible basis for the probable cause finding on the severely limited record Defendants advocate.  And they simultaneously ask the court to ignore the rest of the story—a story which, viewed in the light most favorable to Potis, appears to have some holes:  Potis's attorney did not see, and therefore did not have an opportunity to contest, the factual (and potentially hearsay) basis for the probable cause determination.  There is no reasonable basis to ignore this fact, while simultaneously accepting the Defendants' limited submission as the final, factual truth.

These are issues for trial, or at least a motion for summary judgment.  The Motion for Judgment on the Pleadings is **DENIED**.  The Court will exercise supplemental jurisdiction over Potis's inextricably intertwined state law claims, which arise out of the same incident.

IT IS SO ORDERED.

Dated this 30th day of December, 2015.

Ronald B. Leighton
United States District Judge